UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY G. R.

                       Plaintiff,

v.                                                                                  1:20-CV-1359
                                                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                       BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   JOSHUA KERSHNER, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.     Factual Background

Plaintiff was born in 1969.  (T. 94.)  He completed the 11th grade.  (T. 237.)  Generally, Plaintiff's alleged disability consists of osteoarthritis in lower back, myofascial pain syndrome, degenerative disc disease, and depression.  (T. 236.)  His alleged disability onset date is March 7, 2017.  (T. 95.)

### B.     Procedural History

On March 15, 2018, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 94.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October 28, 2019, Plaintiff appeared before the ALJ, Brian LeCours.  (T. 31-62.)  On November 22, 2019, ALJ LeCours issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-30.)  On July 31, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 7-11.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-25.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 15, 2018.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of right wrist impairment and/or osteoarthritis (status post-surgery); right upper extremity neuropathy and/or myofascial pain syndrome; allergies; and degenerative disc disease of the cervical, thoracic, and lumbosacral spine.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that

meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except that he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; can never climb ladders, ropes or scaffolds; can frequently perform handling and fingering with the right, dominant, upper extremity; and can tolerate no more than occasional exposure to pulmonary irritants, such as fumes, odors, dust, and gases. (T. 19.)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 23-25.)

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff makes four separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ improperly determined Plaintiff's left-hand pain was a non-severe impairment, and then he failed to account for the impairment in the RFC. (Dkt. No. 12 at 16-18.) Second, Plaintiff argues the ALJ failed to reconcile the RFC with the opinion of the consultative examiner, despite finding the opinion generally persuasive. (*Id.* at 19-22.) Third, and lastly, Plaintiff argues the RFC was not based on substantial evidence, because the ALJ relied on stale opinion evidence and his lay

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

opinion.  (*Id.* at 22-26.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 15.)

### B.     Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues the ALJ properly found Plaintiff's complaints of left-hand pain was not a severe impairment.  (Dkt. No. 14 at 9-12.)  Second, Defendant argues substantial evidence supports the ALJ's RFC determination because the ALJ properly considered the opinion of the consultative examiner.  (*Id.* at 12-15.)  Third, and lastly, Defendant argues the opinion evidence of record was not stale and therefore properly considered by the ALJ in determining the RFC.  (*Id.* at 15-19.)

## III.    RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record,

including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV.   ANALYSIS

### A. Left-Hand Pain at Step Two and RFC

Plaintiff argues the ALJ erred in concluding his left-hand "pain" was a non-severe impairment and failed to account for the impairment in the RFC. (Dkt. No. 12 at 16-18.) Plaintiff asserts the ALJ "seemed to ignore" evidence throughout the relevant period during which Plaintiff received treatment for pain in both hands. (*Id.* at 18.)  For the reasons outlined below, the ALJ's step two determination, that Plaintiff's left-hand pain was a non-severe impairment, was proper and supported by substantial evidence. Further, the ALJ did not ignore evidence in the record pertaining to his left-hand pain and appropriately discussed evidence in formulating Plaintiff's RFC.

In general, at step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c). Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel,* No. 97-CV-5759, 1999 WL 294727,

6

at *5 (E.D.N.Y. March 19, 1999) (quoting *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987)).

In addition, the omission of an impairment from step two is harmless if the ALJ considered the effects of the impairment in the remainder of his or her analysis. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. §§ 404.1523, 416.923 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). It has been well established that "[b]ecause step two merely serves as a filter to screen out *de minimis* disability claims, a finding of any severe impairment, whether attributable to a single condition or a combination of conditions, is enough to satisfy its requirements." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 593 (S.D.N.Y. 2014) (citing *Fortier v. Astrue*, No. 10-CV-01688, 2012 WL 3727178, at *9 (D. Conn. May 11, 2012)).

Here, the ALJ determined Plaintiff's right wrist impairment was severe; however, Plaintiff's allegations of "left hand pain" was non-severe. (T. 17.) The ALJ reasoned that during the period at issue, Plaintiff only received treatment for his right hand and wrist. (*Id.*) The ALJ's determination is proper and supported by substantial evidence.

Indeed, as cited by the ALJ, Plaintiff received treatment from Excelsior Orthopaedics for "bilateral hand pain" in July of 2018. (T. 1376.) However, despite complaints of bilateral hand pain, providers only treated Plaintiff's right wrist with an injection. (T. 1377.) Although Plaintiff cites to evidence in the record he asserts supports his argument that the ALJ erred in finding his left wrist pain non-severe, the

ALJ considered the evidence and came to a different conclusion. It is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The ALJ reasonably concluded the evidence in the record supported the determination that Plaintiff's alleged left-hand pain, alone or in combination with other impairments, did not cause Plaintiff to be disabled.

Even if the ALJ erred in determining Plaintiff's alleged left-hand pain was not a severe impairment, such an error would be harmless. At subsequent steps of the sequential process the ALJ discussed Plaintiff's complaints of bilateral hand and wrist pain as well as treatment Plaintiff received. Indeed, the ALJ acknowledged Plaintiff's testimony of numbness and tingling in his hands; wrist pain; and use of a wrist brace. (T. 20.) The ALJ considered objective medical observations that Plaintiff had full strength in his wrists. (*Id.*) The ALJ summarized July 2018 treatment Plaintiff received from an orthopedist regarding bilateral hand pain. (T. 21.) The ALJ also considered objective medical imaging of Plaintiff's bilateral hands. (*Id.*)

Lastly, the ALJ considered medical evidence provided by consultative examiner, Hongbiao Liu, M.D. and non-examining State agency medical examiner, D. Miller, D.O. (T. 22.) Dr. Liu observed, in relevant part, Plaintiff maintained full strength in his upper

extremities, he had decreased left hand sensation compared to the right, intact hand and finger dexterity, and full grip strength. (T. 22.) Dr. Liu did not provide any manipulative limitations. (*Id.*) Based on a review of the available record, Dr. Miller opined Plaintiff could perform light exertional level work with occasional stooping and frequent postural activities. (*Id.*) Therefore, despite finding Plaintiff's left-hand pain non-severe, the ALJ considered evidence of left-hand pain in subsequent steps and any error in failing to find left-hand pain severe would be harmless.

Lastly, the vocational expert testified at Plaintiff's hearing that a limitation to frequent bilateral handling and fingering would not preclude the occupations provided. (T. 58); *see also Johnson v. Berryhill*, No. 16-CV-00389, 2018 WL 732783, at *4 (W.D.N.Y. Feb. 6, 2018) (alleged error at step two harmless where ALJ posed hypothetical to vocational expert which included additional limitations in the RFC). Therefore, even assuming the ALJ erred in concluding Plaintiff's left-hand pain was a non-severe impairment, any error would be harmless because not only did the ALJ discussed evidence in the record concerning testimony, treatment, and opinion evidence involving Plaintiff's bilateral hands and wrists, a limitation to frequent bilateral handing and fingering would not eliminate the occupations provided by the vocational expert.

Because Plaintiff fails to meet his burden of establishing his left-hand pain caused more than minimal limitations in his ability to perform work and because the ALJ found other severe impairments at step two, proceeded with the sequential process, and discussed all of Plaintiff's impairments in his subsequent analysis, Plaintiff's argument fails.

9

**B. Dr. Liu's Administrative Finding**

Plaintiff argues the ALJ failed to reconcile the RFC determination with Dr. Liu's administrative finding which he found "generally persuasive." (Dkt. No. 12 at 19.) Specifically, Plaintiff asserts the ALJ "very clearly did not account" for Dr. Liu's opined "mild to moderate" limitation on overhead reaching in the RFC. (*Id.* at 21.) For the reasons outlined below, the ALJ properly assessed Dr. Liu's administrative finding and the ALJ's overall RFC for light work with no additional reaching limitations was supported by substantial evidence.

On May 7, 2018, Dr. Liu examined Plaintiff and provided a medical source statement. (T. 428-431.) On examination Dr. Liu observed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally of the cervical spine. (T. 430.) He observed decreased range of motion in the lumbar spine. (*Id.*) Dr. Liu noted range of motion of shoulders showed "forward elevation 145 degrees bilaterally, abduction 145 degrees bilaterally, adduction 20 degrees bilaterally, internal rotation 30 degrees bilaterally, external rotation 80 degrees bilaterally." (*Id.*) Dr. Liu observed Plaintiff had full (5/5) strength in his upper extremities. (*Id.*) Dr. Liu opined Plaintiff had "mild to moderate limitation for prolonged walking, bending, kneeling, and overhead reaching." (T. 431.) The ALJ found Dr. Liu's administrative finding "generally persuasive." (T. 22.) The ALJ found the doctor's statements consistent with and supported by the overall record. (T. 22-23.)

First, it is well established that an ALJ's RFC determination need not perfectly correspond with any medical opinion as long as it is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

Second, although Plaintiff asserts a mild to moderate limitation in overhead reaching accounts for greater limitations than found by the ALJ, Plaintiff fails to provide any authority to support his contention. Indeed, postural limitations in the mild to moderate range are generally considered consistent with the demands of light work. *Heidrich v. Berryhill*, 312 F. Supp. 3d 371, 374 n.2 (W.D.N.Y. 2018).

Courts within the Second Circuit have found that a doctor's assessment of "mild" and "moderate" limitations consistent with the demands of light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (consultative physician opinion that plaintiff had moderate limitations in standing, sitting, and performing "other activities" supported RFC for light work); *see Henderson v. Saul*, 788 F. App'x. 86, 87 (2d Cir. 2019) (substantial evidence supporting RFC determination allowing for light work includes medical opinion evidence of mild-to-moderate limitations for prolonged walking); *see White v. Berryhill*, 753 F. App'x. 80, 82 (2d Cir. 2019) (consultative examiner's opinion describing "moderate" limitations in exertional activities supports RFC for a modified range of light work); *see Lewis v. Colvin*, 548 F. App'x. 675, 677-678 (2d Cir. 2013) ("the ALJ's determination that [plaintiff] could perform 'light work' is supported by [the physician's] assessment of 'mild limitations for prolonged ... walking' "); *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (rejecting plaintiff's argument that the consultative examiner's opinion was "incomplete and vague" and affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where the consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *see Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-

CV-01055, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021) (courts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work) (collecting cases).

Up to moderate limitations in reaching and other postural limitations, such as those opined by Dr. Liu, are also generally considered consistent with an RFC limiting a plaintiff to light work. *Paula L. v. Comm'r of Soc. Sec.*, No. 20-CV-1224, 2021 WL 3549438, at *7 (W.D.N.Y. Aug. 11, 2021) (collecting cases); see *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (ALJ's RFC for a full range of light work consistent with consultative examiner's opinion plaintiff had moderate limitations with respect to heavy lifting, bending, reaching, pushing, pulling, or carrying) (collecting cases); see also *My-Lein L., v. Comm'r of Soc. Sec.,* 551 F. Supp. 3d 100, 106 (W.D.N.Y. 2021) (RFC for sedentary work is more restrictive than the mild to moderate limitations assessed by consultative examiners which are consistent with an RFC for light work). Therefore, contrary to Plaintiff's assertion, mild to moderate limitations in non-exertional activities are not inherently inconsistent with the demands of light work.

Further, other evidence in the record supports the ALJ's RFC determination that Plaintiff had no additional reaching limitations. In addition to Dr. Liu's finding, the ALJ also found the administrative finding of non-examining State agency medical consultant, D. Miller, D.O. "generally persuasive." (T. 22.) Dr. Miller reviewed the evidence in the record as of May 2018, including Dr. Liu's examination and finding of mild to moderate reaching limitations, and concluded Plaintiff could perform light work. (T. 103-104.)

The ALJ concluded Drs. Liu and Miller's findings were consistent with Plaintiff's reports of neck pain, lower back pain, wrist and hand pain; however, the ALJ concluded diagnostic imaging demonstrated little, if any, changes to support reports of exacerbations.  (T. 22.)  The ALJ also noted records that indicated Plaintiff's pain improved with medication, he postponed a wrist procedure to go deer hunting, he went fishing, helped a friend work on a boat, and injured his foot while playing soccer.  (T. 22-23.)  In his disability report Plaintiff indicated he could reach "alright" so long as he did not have to hold the position.  (T. 253.)  Overall, the ALJ concluded the objective medical evidence and Plaintiff's activities supported Dr. Liu's and Dr. Miller's assessments.  (T. 23.)

As already noted herein, substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154.  Plaintiff failed to show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault,* 683 F.3d at 448.  Therefore, the ALJ's RFC determination that Plaintiff could perform light work properly accounts for the mild to moderate reaching limitation identified by Dr. Liu and is further supported by additional evidence in the record.

### C.  RFC Determination

Plaintiff argues the opinion evidence the ALJ relied on in making his RFC determination was stale because the opinions were provided prior to Plaintiff's right wrist surgery and radiofrequency neurolysis for his low back pain.  (Dkt. No. 21 at 22-25.)  Plaintiff also argues, because the administrative findings were stale and the ALJ found the other medical opinion in the record to be unpersuasive, the ALJ impermissibly

based the RFC finding on his own lay interpretation of medical evidence. (*Id.* at 25.) Plaintiff asserts the ALJ was therefore required to further develop the record and obtain a medical source statement. (*Id.* at 25-26.) For the reasons outlined below, Plaintiff's argument fails.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).

In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition. *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155 (W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)). Moreover, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

Of note, Plaintiff does not provide any evidence showing his subsequent wrist surgery and/or radiofrequency neurolysis caused greater functional limitations than provided by the ALJ. Plaintiff merely asserts subsequent surgery and treatment,

14

"caused him to experience severe and limiting symptoms which *may have been more consistent* with a finding that he was disabled than accounted for in the RFC." (Dkt. No. 12 at 23.) (emphasis added).  Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ.  *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

Here, the ALJ considered evidence of Plaintiff's wrist surgery and radiofrequency in formulating his RFC determination.  The ALJ noted Plaintiff's January 2019 wrist surgery and that post-surgery care included a wrist brace as needed.  (T. 21.)  The ALJ noted Plaintiff reported improvement but still experience some soreness.  (*Id.*)  Indeed, by March 2019, Plaintiff reported feeling better.  (T. 1385.)  At that examination, Plaintiff exhibited no atrophy, swelling, or tenderness.  (T. 1386.)  Inspection and palpation of the wrist was normal and there was no swelling and none-to-mild tenderness without instability.  (*Id.*)  Providers noted Plaintiff's muscle tone was normal and Plaintiff exhibited a full range of motion.  (*Id.*)  Similar clinical findings were noted at a May 2019 follow-up evaluation.  (T. 1387.)  A medical source encouraged Plaintiff to increase function and use of the wrist.  (T. 1386.)  Therefore, although the record notes wrist surgery, the ALJ properly considered such evidence, and the evidence did not show a worsening condition.  Therefore, the ALJ properly assessed the evidence provided after sources provided medical statements and evidence in the record did not indicate Plaintiff's impairments deteriorated.

The ALJ also considered treatment Plaintiff received for his spinal impairment, including a radiofrequency neurolysis.  (T. 22.)  The ALJ considered that in March 2019, following the radiofrequency neurotomy, Plaintiff reported improvement in his pain and

both Plaintiff and his orthopedist were pleased. (*Id.*) The ALJ further noted primary care provider office visit notes indicated Plaintiff's back pain was "stable" in September and December 2018, as well as in January, March, and October 2019. (*Id.*) Indeed, Plaintiff's primary care physician, Peter McQuiller, M.D., also examined Plaintiff from May 2018 through October 2019, noting repeatedly that Plaintiff was stable on current medication regimen and treatment for his low back condition and right hand. (T. 1547, 1550, 1551, 1553, 1558, 1562, 1564.) Moreover, upon examinations, Plaintiff had normal clinical findings, including little to no tenderness, no swelling, full strength in his extremities, and negative Tinel's and Phalen's tests without neurological deficits. (T. 1553, 1556, 1562.) Therefore, the ALJ properly assessed evidence provided after Plaintiff's radiofrequency neurolysis in formulating the RFC.

Overall, Plaintiff's wrist surgery and radiofrequency did not render opinion evidence provided prior to the events stale. The ALJ considered all evidence in the record, subsequent evidence did not support Plaintiff's assertion that his condition deteriorated, and Plaintiff fails to provide evidence that such events caused greater functional limitations than those found by the ALJ.

Contrary to Plaintiff's last argument, the ALJ was not required to further develop the record. Remand is not required where the record contains sufficient evidence from which the ALJ can assess the plaintiff's residual functional capacity. *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018). As outline herein, the record contained sufficient evidence in the form of testimony, objective medical evidence, and opinion evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

**DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

      **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     November 9, 2022

                                                                                 William B. Mitchell Carter
                                                                                  U.S. Magistrate Judge